IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, ) <br> (f/d/b/a GE APPLIANCES DIVISION), ) <br> a New York Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GUINEY DELIVERY SERVICE, INC., ) <br> an Illinois Corporation, ) <br> ) <br> Defendant. ) | No. 08 C 1618 <br><br> Magistrate Judge Keys <br> Judge Marovich |

**DEFENDANT GUINEY DELIVERY SERVICE, INC.'S
MOTION TO DISMISS, TRANSFER VENUE, OR STAY**

NOW COMES Guiney Delivery Service, Inc. (hereinafter "Guiney"), and by and through its attorneys, ICE MILLER LLP, and respectfully submits this Motion to Dismiss, Transfer Venue, or Stay pursuant to 9 U.S.C. § 4, F.R.C.P. 12(b)(3), and 28 U.S.C. § 1406(a). In support thereof, Guiney states the following:

1. Plaintiff's Complaint alleges that Guiney breached the "Product Home Delivery Agreement" (hereinafter "Delivery Agreement") when it failed to deliver certain appliances to various GE customers.

2. That parties entered into the Delivery Agreement in June 2005.

3. However, the Delivery Agreement contains a "Dispute Resolution" clause which requires any disputes arising out of the performance of the contract to be arbitrated in Louisville, Kentucky. See ¶ 20(b) of the Delivery Agreement attached Exhibit A to Guiney's Memorandum of Law.

4. Specifically, the Agreement, in pertinent part, states as follows:

20. DISPUTE RESOLUTION. All disputes controversies and questions directly and indirectly arising under, out of, in connection with or in relation to this Agreement or its subject matter, including without limitation, all disputes, controversies and questions relating to the validity, negotiation, interpretation, construction, performance, termination and enforcement of this Agreement (a "Dispute"), shall be resolved in accordance with this section, which shall be the sole and exclusive procedure for the resolution of any such Dispute…

(b) Any Dispute which has not been resolved by negotiation…at the request of either party, be finally settled by arbitration under the Center for Public Resource Rules for Non-Administered Arbitration of Business Disputes in effect on the date of this Agreement, by three independent and impartial arbitrators, none of whom shall be appointed by either party. …the law applicable to the validity of this arbitration provision, the conduct of the arbitration, the challenge to or enforcement of any arbitral award or order, and any other question of arbitration law or procedure shall be governed exclusively by the Federal Arbitration Act, 9 U.S.C. sections 1-16; …**The place of arbitration shall be Louisville, Kentucky. The parties agree that the federal and state courts located in the State of Kentucky shall have exclusive jurisdiction…and each party submits to the jurisdiction of said courts…(emphasis added).**

5. Pursuant to the terms of the Agreement, Plaintiff, GE, has unquestionably manifest its assent to arbitrate any claims against Guiney.

6. Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, an aggrieved party may compel arbitration whenever an opposing party has failed, neglected, or refused to comply with an arbitration agreement. 9 U.S.C. § 4 (2006).

7. However, where, as here, a governing arbitration agreement contains a mandatory forum selection clause that requires arbitration in another district, a district court should dismiss or stay the action. *Snyder v. Smith*, 736 F.2d 409, 418 (7th Cir. 1984) (Under the [FAA], a district court has no power to order arbitration to take place outside of its own district.) *rev'd on other grounds, Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

8. The Seventh Circuit has explained that dismissal for improper venue under Fed. R. Civ. P. 12(b)(3) is preferable to a stay under these circumstances because the failure to dismiss "raises the disturbing spectre of forum shopping" and "undermines the certainty and predictability" of arbitration agreements. *Id.* at 330. *See also Local 73, Serv. Employees Int'l Union v. Argonne Nat'l Lab.*, No. 05 C 2772, 2006 U.S. Dist. LEXIS 25928, at *9 (N.D. Ill. Mar. 13, 2006) ("The Seventh Circuit has held that the district court's dismissal of a case under 12(b)(3) due to a valid arbitration clause is appropriate.")

9. Further, under 28 U.S.C. § 1406(a), a district court may dismiss or transfer any case that is filed in the wrong venue "if it is in the interests of justice to do so." *Claber v. Lowe's Co., Inc.* No. 98 C 4760, 1999 U.S. Dist. Lexis 3626, at *11 (N.D. Ill. Mar. 19, 1999).

10. The Northern District of Illinois is the wrong division or district for this action because the forum selection language contained in the Agreement unequivocally establishes that the proper venue is in Kentucky.

11. "It is well established that contractual forum selection clauses are prima facie valid." *Claber*, 1999 U.S. Dist. LEXIS 3626, at *7. *Accord Moraites v. Royal Caribbean Cruises, Ltd.*, No. 94 C 3762, 1994 U.S. Dist. Lexis 10474, at *2 (N.D. Ill. July 27, 1994). As stated by the Seventh Circuit, "the law is clear: where venue is specified with mandatory or obligatory language, the clause will be enforced." *Paper Express Ltd. V. Pfankuch Maschien GmbH*, 972 F.2d 753, 757 (7th Cir. 1992). *Accord Claber*, 1999 U.S. Dist. LEXIS 3626, at *7-10 (transferring case under § 1406(a) because forum selection clause in parties' agreement was "clearly dispositive").

12. Even if this action is not dismissed or transferred, it should nonetheless be stayed pending arbitration. While courts prefer dismissal, Illinois district courts have held that a stay

pending arbitration may nonetheless be appropriate. *See, e.g., Snyder*, 736 F.2d at 420 (in situations such as are present here, "the district court should dismiss the petition or, upon motion, stay its proceedings"); *Camp*, 2005 U.S. Dist. LEXIS 3960, at *20-21 (refusing to consider a stay because it was not requested by either party, but giving the parties an opportunity to do so); *Tarrson v. BLP Partners*, LP, No. 01 C 7761, 2002 U.S. Dist. LEXIS 17880, at *5-6 (N.D. Ill. Sept. 18, 2002) (staying action and giving the defendant thirty days to compel arbitration in the jurisdiction specified in the parties' arbitration agreement).

13. Accordingly, if this matter is not dismissed or transferred, Guiney alternatively requests that it be stayed and that Guiney be provided with sufficient time to compel arbitration in Kentucky.

WHEREFORE, Defendant Guiney Delivery Service, Inc. prays that this motion be granted and that the Court dismiss Plaintiff's Complaint. If this action is not dismissed, Defendant asks that the Court transfer it to the United States District Court for the Western District of Kentucky. If this action is not dismissed or transferred, Defendant prays that it be stayed pending arbitration. Defendant further requests that it be awarded any other relief to which it may be justly entitled.

Dated: May 1, 2008

                                          Respectfully submitted,

                                          GUINEY DELIVERY SERVICE, INC.

                                          By: /s/ Thomas J. Hayes
                                                One of Its attorneys

Bart T. Murphy (#6181178)
Thomas J. Hayes (#6280179)
Ice Miller LLP
2300 Cabot Drive, Suite 455

Lisle, IL 60532
630.955.0555
630.955.0662 (facsimile)

C/65441.1