**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GENERAL ELECTRIC COMPANY, (f/d/b/a GE APPLIANCES DIVISION), a New York Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 1618 |
| vs. | ) ) ) | |
| GUINEY DELIVERY SERVICE, INC., an Illinois Corporation, | ) ) ) | Magistrate Judge Keys Judge Marovich |
| Defendant. | ) ) | |

**DEFENDANT GUINEY DELIVERY SERVICE, INC.'S**
**REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO**
**DISMISS, TRANSFER VENUE, OR STAY**

NOW COMES Guiney Delivery Service, Inc. (hereinafter "Guiney"), and by and through its attorneys, ICE MILLER LLP, and respectfully submits this Reply Memorandum in Support of its Motion to Dismiss, Transfer Venue, or Stay pursuant to 9 U.S.C. § 4, F.R.C.P. 12(b)(3), and 28 U.S.C. § 1406(a). In support thereof, Guiney states the following:

**INTRODUCTION**

As Defendant Guiney established in its Memorandum of Law in Support of its Motion to Dismiss, Transfer Venue, or Stay, GE's Complaint should be dismissed because this is an improper venue. The Agreement at issue between the parties contains a legally enforceable forum selection clause requiring that this lawsuit against Guiney be brought in Kentucky.

In its Response, GE does not dispute the validity of the forum selection clause contained in the Agreement. Further, as explained in Guiney's original memorandum, the Seventh Circuit has explained that dismissal for improper venue under Fed. R. Civ. P. 12(b)3 is preferable to a stay because the failure to dismiss "raises the disturbing spectre of forum shopping" and

1

"undermines the certainty and predictability" of arbitration agreements. Thus, this court should dismiss this case for improper venue.

## ARGUMENT

This Court should enforce the forum selection clause contained in the Agreement between GE and Guiney. Contractual forum selection clauses are prima facie valid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). See also *Snyder v. Smith*, 736 F.2d 409, 419 (7th Cir. 1984) ("Courts must give effect to…freely negotiated forum selection clauses."), overruled on other grounds by *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). Such a clause is enforced unless the provision was procured by fraud or overreaching or enforcement would be unreasonable. See *Paper Express Ltd. V. Pfankuch Maschien GmbH*, 972 F.2d 753, 757 (7th Cir. 1992). To demonstrate that a forum selection clause is unreasonable, a party must show that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Bremen*, 407 U.S. at 18.

Further, in the commercial context, as is the case here, parties, for business or convenience reasons, frequently "stipulate in advance to submit their controversies for resolution within a particular jurisdiction." *Id. See also National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16, 11 L. Ed. 2d 354, 84 S. Ct. 411 (1964). Such a forum-selection clause should control unless there is a "strong showing that it should be set aside." *Id.*

In this case, GE does not allege that the forum selection clause was procured by fraud or that the clause is unreasonable. Further, GE does not contend that the forum contained in the Agreement would be inconvenient. Rather, GE objects to the dismissal of this cause of action solely on the grounds that it should be stayed pending the outcome of the arbitration proceedings. In support of its position, GE cites *Tice, et al. v. American Airlines, Inc.*, 288 F.3d, 313 (7th Cir.

2002).  See GE's Response at pg. 2.  However, GE's reliance on *Tice* is misguided because that case did not involve a forum selection clause as is clearly the case here.  Rather, the issue in *Tice* concerned the Railway Labor Act and whether arbitral boards established pursuant to the Act have exclusive jurisdiction to resolve disputes over the application of collective bargaining agreements in the railroad and airline industries.  *Id.* at 315.

As mentioned above,  the Seventh Circuit has explained that dismissal for improper venue under Fed. R. Civ. P. 12(b)(3) is preferable to a stay under these circumstances because the failure to dismiss "raises the disturbing spectre of forum shopping" and "undermines the certainty and predictability" of arbitration agreements.  *Id.* at 330.  *See also Local 73, Serv. Employees Int'l Union v. Argonne Nat'l Lab.*, No. 05 C 2772, 2006 U.S. Dist. LEXIS 25928, at *9 (N.D. Ill. Mar. 13, 2006) ("The Seventh Circuit has held that the district court's dismissal of a case under 12(b)(3) due to a valid arbitration clause is appropriate.")  Moreover, "[g]iven that the court cannot order arbitration...it is unclear what purpose a stay would serve." *Camp v. TNT Logistics Corp.*, No. 04-CV-1358, 2005 U.S. Dist. LEXIS 39690, at *21 (C.D.Ill.Nov.2d, 2005).

### CONCLUSION

Plaintiff's dispute with Guiney is subject to a mandatory and binding Agreement, pursuant to which the parties have already agreed that "the federal and state courts located in Kentucky shall have exclusive jurisdiction over any action brought to enforce this arbitration provision, and each party irrevocably submits to the jurisdiction of said courts."  See ¶ 20(b) of the Agreement.  Accordingly, for the reasons stated above, this cause of action was filed in the wrong venue and must be dismissed or in the alternative transferred to Kentucky..

WHEREFORE, Defendant Guiney Delivery Service, Inc. prays that this motion be granted and that the Court dismiss Plaintiff's Complaint.  If this action is not dismissed,

Defendant asks that the Court transfer it to the United States District Court for the Western District of Kentucky. If this action is not dismissed or transferred, Defendant prays that it be stayed pending arbitration. Defendant further requests that it be awarded any other relief to which it may be justly entitled.

Dated: June 28, 2008

Respectfully submitted,

GUINEY DELIVERY SERVICE, INC.

By: /s/ Thomas J. Hayes
One of Its attorneys

Bart T. Murphy (#6181178)
Thomas J. Hayes (#6280179)
Ice Miller LLP
2300 Cabot Drive, Suite 455
Lisle, IL 60532
630.955.0555
630.955.0662 (facsimile)

C/68572.1