

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENERAL ELECTRIC COMPANY, )
(f/d/b/a GE APPLIANCES DIVISION, )
a New York Corporation), )
) No. 08-CV-1618
Plaintiff, )
)
vs. ) Judge Arlander Keys
)
GUINEY DELIVERY SERVICE, INC. )
an Illinois Corporation, )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Defendants' Motion to Dismiss, Transfer Venue, or Stay pending arbitration in Louisville, Kentucky. Consistent with the Federal Arbitration Act, 9 U.S.C. §§ 1-16, and Seventh Circuit case law, this Court holds that the matter shall be stayed until arbitration is complete.

**Background**

In June 2005, General Electric Company ("GE") and Guiney Delivery Service, Inc. ("Guiney") entered into a Product Home Delivery Agreement ("Agreement") from which the current dispute arose. GE alleges that Guiney breached the Agreement when it failed to deliver certain appliances to various GE customers. The Agreement provides that such disputes are to be resolved pursuant to an arbitration clause, stating, in pertinent part, as follows:

> 20. DISPUTE RESOLUTION. All disputes, controversies and questions directly or indirectly arising under, out of, in connection with or in relation to this

Agreement or its subject matter, including without limitation, all disputes, controversies and questions relating to the validity, negotiation, interpretation, construction, performance, termination and enforcement of this Agreement (a "Dispute"), shall be resolved in accordance with this section, which shall be the sole and exclusive procedure for the resolution of any such Dispute.

(b) Any Dispute which has not been resolved by negotiation as provided above shall, at the request of either party, be finally settled by arbitration . . . [T]he law applicable to the validity of this arbitration provision, the conduct of the arbitration, the challenge to or enforcement of any arbitral award or order, any other question of arbitration law or procedure shall be governed exclusively by the Federal Arbitration Act, 9 U.S.C. sections 1-16; however, the award can be modified or vacated on grounds stated in the Federal Arbitration Act or if the arbitration panel's findings of fact are not supported by substantial evidence or the conclusions of law are erroneous under the laws of the Commonwealth of Kentucky. The place of arbitration shall be Louisville, Kentucky. The parties agree that the federal and state courts located in the State of Kentucky shall have exclusive jurisdiction over any action brought to enforce this arbitration provision, and each party irrevocably submits to the jurisdiction of said courts. Notwithstanding the foregoing sentence, either party may apply to any court of competent jurisdiction, wherever situated, for enforcement of any judgment on an arbitral award.

Consistent with this provision, Guiney has petitioned the Court to dismiss, transfer venue, or stay the current proceedings while this matter proceeds to arbitration in Louisville, Kentucky. Guiney argues that dismissal for improper venue under Federal Rule of Civil Procedure 12(b)(3) is the most appropriate

remedy. If dismissal is not granted, Guiney requests that this matter be transferred to the Western District of Kentucky under 28 U.S.C. § 1406(a) or, as a last resort, stayed pending completion of arbitration.

GE does not dispute the validity of the Agreement's provision to arbitrate in Louisville, Kentucky, but argues that a stay of the current proceedings—rather than dismissal or transfer—is appropriate, pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16. This Court agrees with GE's position and orders that the matter be stayed pending completion of arbitration.

## Discussion

As stipulated in the Agreement, all questions of arbitration law or procedure are to be governed exclusively by the Federal Arbitration Act ("FAA"). Neither party disputes that the FAA is applicable in this case, nor do they dispute the validity of the arbitration agreement. Thus, the Court's only task is to determine whether the matter should be dismissed, transferred, or stayed.

The FAA governs arbitration agreements involving maritime disputes and contracts involving interstate commerce. 9 U.S.C. § 1. If a party to a contract containing an arbitration clause seeks to avoid arbitration and files suit in a district court, Section 3 of the FAA grants the following remedy:

3

§ 3. Stay of proceedings where issue therein referable to arbitration

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Consistent with the plain language of this statute, the Seventh Circuit has held that the FAA requires a mandatory stay of district court proceedings until arbitration is complete. *Volkswagen of America, Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 968 (7th Cir. 2007). In *Volkswagen,* an automobile manufacturer and a car dealership entered into a contract to open an authorized Volkswagen dealership in Illinois. 474 F.3d at 968. The contract required that all disputes proceed to mandatory binding arbitration in Oakland County, Michigan. *Id.* Approximately one year after entering into the contract, Volkswagen filed a diversity action in the Central District of Illinois alleging breach of contract against the car dealership. *Id.* at 969. Relying on the contract's arbitration agreement, the dealership notified Volkswagen of its intent to submit the matter to arbitration and moved, under 9 U.S.C. § 3, to stay the action in the district court. *Id.* The district court granted the

4

motion in part, but refused to stay an ancillary issue that did not fall under the purview of the arbitration clause. *Id.*

On review, the Seventh Circuit agreed that, for the arbitrable issues, a stay was mandatory. *Id.* at 971; *see also Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226, 107 S.Ct. 2332 (1987) ("a court must stay its proceedings if it is satisfied that an issue before it is arbitrable"); *Merit Ins. Co. v. Leatherby Ins. Co.,* 581 F.2d 137, 142 (7th Cir.1978) ("If the agreement to arbitrate is valid the court has no further power or discretion to address the issues raised in the complaint."). The fact that the clause called for arbitration in a different venue — Oakland, Michigan— had no bearing on the Seventh Circuit's findings.

Similarly, in *Tice v. American Airlines, Inc.*, the Seventh Circuit stated that, consistent with 9 U.S.C. § 3, a stay is "the normal procedure when an arbitrable issue arises in the course of a federal suit." 288 F.3d 313, 318 (7th Cir. 2002) ("rather than dismiss the present suit, the district judge should have stayed it to await the outcome of arbitration . . . .") Guiney responds that *Tice* is distinguishable, because, it dealt with the Railway Labor Act and collective bargaining agreements in the railroad and airline industries. Guiney's interpretation of *Tice* is unreasonably narrow; the Seventh Circuit's findings in no way turned on the peculiarities of the Railway Labor Act. In fact,

5

the *Tice* court specifically stated that "[a]s we have emphasized in a *variety of contexts*, district courts should retain jurisdiction over a suit that must be interrupted for reference of an issue to another forum rather than dismiss it if, should it be dismissed there might later be grounds for reinstating it." *Id.* at 318 [emphasis added], *citing Baltimore & Ohio Chicago Terminal v. Wis. Cent. Ltd.*, 154 F.3d 404, 407-08 (7th Cir. 1998) (Interstate Commerce Act); *Richmond v. Chater*, 94 F.3d 263, 267-68 (7th Cir. 1996) (Social Security Administration); *Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 717-18 (7th Cir. 1982) (diversity breach of contract).

Nevertheless, the Court acknowledges that a number of courts in this district have dismissed, as opposed to stayed, similar arbitration cases under Rule 12(b)(3) of the Federal Rules of Civil Procedure. *See, e.g., Mason v. Bway Corp.*, 2007 WL 329156 (N.D. Ill. 2007); *Local 73, SEIU v. Argonne Nat'l Lab.*, 2006 WL 695532 (N.D. Ill. 2006). In those cases, however, neither party asked the court to stay the proceedings pursuant to 9 U.S.C. § 3. When a party expressly requests stay under 9 U.S.C. § 3, the Seventh Circuit has held that the proper course of action is to stay the proceedings pending arbitration. *Continental Cas. Co. v. Am. Nat'l. Ins. Co.*, 417 F.3d 727, 732 n.7 (7th Cir. 2005).

Guiney further argues that Seventh Circuit case law indicates that dismissal for improper venue under Fed. R. Civ. P.

12(b)(3) is preferable to a stay, because the failure to dismiss "raises the disturbing specter of forum shopping" and "undermines the certainty and predictability" of arbitration agreements. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 330 (7th Cir. 1995). A fair reading of *Merrill Lynch*, however, reveals that Guiney has overstated the Seventh Circuit's holding.

In *Merrill Lynch*, the brokerage firm's clients signed a Customer Agreement form governed by the FAA, which included an arbitration clause with no specified venue. *Id.* After a dispute arose related to the Customer Agreement, the clients initiated a demand for arbitration and requested a hearing in Florida, where they had relocated. Merrill Lynch consented to arbitration, but sought an Illinois arbitration site. The stipulated arbitrator selected Tampa, Florida as the arbitration site, and the parties began preparations for that proceeding. *Id.* at 325. Some time thereafter, Merrill Lynch filed an action in the Northern District of Illinois, seeking, among other things, to compel arbitration in that district. The clients subsequently filed their own motion in the Northern District of Florida to compel arbitration there, resulting in two ongoing federal court proceedings concerning the pending arbitration. *Id.*

Under these specific circumstances—that is, the pre-arbitration determination of what issues were arbitrable—the

Seventh Circuit found that dismissal of the Illinois District Court claim was appropriate, as the Florida District Court already had the authority to determine what issues where arbitrable under the Customer Agreement. *Id.* at 330 (stating that "dismissal of this action to allow for a judicial determination of arbitrability in Florida district court would have avoided parallel proceedings and promoted the conservation of judicial resources."). Clearly the procedural context of *Merrill Lynch* is not analogous with the issue before this Court. In particular, neither GE nor Guiney dispute the site of the arbitration venue, nor is there a dispute as to the arbitrability of the issues raised. Whereas *Merrill Lynch* largely addressed the question of what issues were arbitrable, the instant case involves issues that are not disputed as falling under the purview of the arbitration clause. As such, the Seventh Circuit has stated that a Section 3 stay is mandatory for arbitrable issues. *Volkswagen*, 474 F.3d at 971.

## Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that Guiney's Motion to Dismiss, Transfer Venue, or Stay shall be granted in part and denied in part. The case now pending before this District Court shall be stayed pending the completion of arbitration.

Dated: October 23, 2008

ENTER:

*/s/ Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge